UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER BACH,

    Plaintiff,

v.                                         CASE NO. 8:21-cv-2964-SDM-TGW

GAIL BACH, et al.,

    Defendants.
_____/

## ORDER

In this action, Chris Bach,[*] originally represented by counsel but now appearing *pro se*, sues (Doc. 1) Gail Bach, Story Bach, Mary Neff, and Richard Thomas. A July 27, 2022 order (Doc. 39) dismisses Chris's complaint with leave to amend not later than August 15, 2022. A separate order (Doc. 41) *sua sponte* extends the amendment deadline until September 15, 2022. Although the deadline has passed, Chris declines to amend the complaint. Instead, Chris moves (Doc. 43) "to submit evidence of fraud on the court." The motion, with which Chris seemingly intends to satisfy the amendment deadline, exclusively challenges conduct in a separate action, *Bach v. Bach*, Case No. 2019-CA-489, pending in the circuit court for Polk County, Florida.

---

[*] Because three Bachs appear in this action, I refer to Chris Bach by his first name only.

Construed according to title and text, the motion (Doc. 43) fails to satisfy the requirement to amend the complaint. Accordingly, under *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994), and *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1994), the July 27, 2022 dismissal order (Doc. 39) became final on September 15, 2022.

Even if the motion (Doc. 43) is generously construed as an amended complaint, this action warrants dismissal. The motion and the more than two-hundred pages of exhibits, both attached to the motion and separately filed in a supplement (Doc. 45), detail purported fraud by Steven D. Milbrath in *Bach v. Bach* and in a deposition of Chris that was seemingly noticed in *Bach v. Bach*. Milbrath neither appears as a party in this action nor appears on behalf of any party in this action. The paper wholly fails to invoke federal subject matter jurisdiction, challenges conduct by persons not appearing in this action, and alleges fraud that purportedly occurred in a different action pending in a state court.

This federal action — originally asserting claims under the Internal Revenue Code — is the improper forum for Chris's complaints about opposing counsel in a separate state-court action. Accordingly, the action is **DISMISSED**. The clerk must enter judgment of dismissal, terminate the pending motion, and close the case.

ORDERED in Tampa, Florida, on September 22, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE